## Riddle, et al. v. Williamson & Pond Creek Railroad Company.

(Decided April 16, 1918.)

### Appeal from Pike Circuit Court.

Eminent Domain—Compensation—Action for Value of Land Taken but not Condemned—Findings—Evidence—Sufficiency.—In an action by a property owner against a railroad company to recover compensation for land taken but not condemned, evidence examined and held to sustain a finding that no more land was taken than was condemned.

ROSCOE VANOVER for appellants.

J. R. JOHNSON and HOLT, DUNCAN & HOLT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The only question presented by this appeal is whether the Williamson & Pond Creek Railroad Company, which condemned a small strip of land belonging to Parlee Riddle, appropriated to its own use any land not appropriated by the commissioners and covered by the deed which it received in the condemnation proceeding.

The question arises in the following way: In the early part of the year 1912, the Railroad Company lo-

cated its line from Williamson, West Va., across the Tug Fork of Big Sandy River and along Pond Creek and its tributaries to the head of Pond Creek. A map showing the center line of the proposed road was filed in the office of the clerk of the Pike county court. Parlee Riddle owned land on the proposed route and it became necessary for the company to acquire a strip off one side of her farm containing 2.49 acres. Negotiations for the purchase of the land failed, and thereupon the company instituted a condemnation proceeding in the Pike county court. Commissioners were appointed to ascertain the compensation and damages to which Parlee Riddle was entitled. The commissioners went upon the premises in company with the railroad's engineers and W. G. W. Riddle, the husband and agent of Parlee Riddle. Measurements were made of the land proposed to be taken and the commissioners filed a report awarding Parlee Riddle the sum of $700.00 as compensation and damages. After the report was filed, Parlee Riddle and her husband entered their appearance in the condemnation suit, and by consent the report was approved and confirmed, and a check for $700.00 delivered to Parlee Riddle. After the railroad company received a deed for the land condemned, it found it impracticable to build its track upon the original center line theretofore established. It therefore built its track on a revised center line thus throwing the center of its track further into the hill along and opposite the property of Parlee Riddle. Thereafter the company's engineers, at the request of W. G. W. Riddle, set stakes for a fence line through the property of Mrs. Riddle. When this was done Mr. Riddle built his fence just inside of the stakes so set.

In March, 1913, Parlee Riddle and her husband brought this suit in the Pike county court asking that the order confirming the commissioners' report be set aside on the ground that the company's engineers had fraudulently deceived plaintiffs as to the location of the outer boundary of the land condemned and had thus cheated plaintiffs out of a strip of land from 10 to 20 feet in width for which no compensation had been allowed. To this petition a demurrer was sustained and the petition dismissed. Plaintiffs then appealed to the Pike circuit court. Thereupon the railroad company filed an answer denying the allegations of fraud. Depositions were taken and the case submitted. After the submission plaintiffs

moved the court to set aside the order of submission and allow them to file an amended petition. This motion was sustained and plaintiffs filed an amended petition practically abandoning the claim of fraud, and pleading in substance that the company had appropriated to its own use a strip of land from 10 to 20 feet wide in addition to that condemned, and asked judgment for its value, which was fixed at $600.00. The amended petition was traversed of record. Proof was then taken and on final hearing, judgment was rendered in favor of the defendant.

The land condemned was accurately described by metes and bounds and embraced a small strip of land of varying width measured from the center line of the railroad as theretofore established and fixed by the map filed in the Pike county clerk's office. W. G. W. Riddle testified that more land was taken than was condemned. He was positive of this fact because the land condemned reached only to the inner edge of his potato patch, whereas the land taken extended beyond that point. W. K. Elliott, Ballard Blackburn and Lee Scott testified to the same effect. Winter Scott and B. L. Murphy, who measured the land from the center of the track as built, testified that at the point where the deed called for a width of 120 feet, the stakes were placed at a distance of 129 feet and 6 inches, and that at a point where the deed called for a width of 150 feet, the stake was placed at a distance of 160 feet and 3 inches. According to the evidence of the railroad engineers, the center line of the track as built was not the center line as fixed in the map. They not only measured the distances from the center line as originally established at the time the commissioners acted, but subsequently verified these measurements, and the land taken did not extend beyond the distances fixed in the deed when measured from the original center line.

As before stated, the deed does not describe land of a certain width measured from the center of the track as built, but from the center line of the railroad as originally proposed and established. The evidence that the track was not constructed on the center line as originally established, but was built a few feet to the east of that line, is uncontradicted. It is therefore clear that the differences between the measurements made by Scott and Murphy and those made by the railroad engineers, grow

out of the fact that Scott and Murphy measured from the center of the track as built and not from the center line of the railroad as originally fixed and contemplated by the deed. Viewing the evidence in the light of this fact, we conclude that it fully sustains the finding of the trial court that the railroad company did not appropriate more land than was actually condemned.

Judgment affirmed.